IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RUBEN GRIGORYANTS, MARIANA  )
GRIGORYANTS,                )
                Plaintiffs,  )
                             )
        vs.                  )     Civil Action No. 11-267E
                             )     Judge Joy Flowers Conti
                             )
SAFETY-KLEEN CORPORATION,    )     Re: ECF No. 52
                Defendant.   )

## MEMORANDUM OPINION

**Kelly, Magistrate Judge**

Pending before the Court is a Motion for Sanctions filed by Plaintiffs Ruben Grigoryants and Mariana Grigoryants (collectively "Plaintiffs" or "the Grigoryants"). (ECF No. 52). After review of the docket and considering the evidence presented and the arguments of Plaintiffs and Defendant Safety-Kleen Corporation ("Defendant" or "Safety-Kleen"), the Grigoryants' Motion for Sanctions will be granted.

## I.     PROCEDURAL HISTORY

Plaintiffs initiated this action by filing a civil complaint in the Court of Common Pleas of Erie County, Pennsylvania. On November 7, 2011, Defendant removed the case to the United States District Court for the Western District of Pennsylvania – Erie Division. (ECF No. 1). The case was assigned to Judge Sean J. McLaughlin.

Soon thereafter, on November 30, 2011, Plaintiffs' counsel notified defense counsel that he wanted to promptly schedule the videotape deposition of Mr. Grigoryants for use at trial because he was gravely ill. (ECF No. 11-1 at p. 8).

On December 8, 2011, counsel for Plaintiffs provided Plaintiffs' Initial Disclosures Pursuant to F.R.C.P. 26, a CD containing medical records, photographs of Mr. Grigoryants and a CD containing a "Day in the Life" film of Mr. Grigoryants. Plaintiffs' Initial Disclosures identified the names and addresses of nine treating physicians, as well as pathology slides from Memorial Sloan Kettering Cancer Center, New York University School of Medicine and Hoboken University Medical Center. (ECF No. 11-2).

Following these disclosures, the docket entries reflect that the parties engaged in discovery throughout 2012 and the first half of 2013, relative to the allegation that Mr. Grigoryants contracted myelofibrosis and myelodysplastic syndrome as the result of his exposure to Safety Kleen – 105 Solvent at Erie Specialty Products where he worked from 1994 to 1996. Discovery included, but was not limited to: interrogatories, requests for production of documents, third party document requests and the production of medical records. (ECF Nos. 13, 14, 18, 21).

On August 28, 2013, upon the resignation of then Chief Judge McLaughlin, the case was reassigned to Chief Judge Joy Flowers Conti. (ECF No. 32).

Following a telephone status conference between Chief Judge Conti and counsel for the parties on September 26, 2014, Chief Judge Conti entered an order referring the case to a mediation and/or a settlement conference with District Judge Mark R. Hornak. (ECF No. 40). Thereafter, Chief Judge Conti conducted a case management and status conference on October 8, 2014. During the conference, the Court again addressed the referral of the case to mediation with Judge Hornak. (Minute Entry – 10/8/13).

## II. MEDIATION

On October 28, 2013, Judge Hornak conducted an initial pre-mediation conference call with counsel for the parties. (ECF No. 44). The settlement conference was scheduled for January 14, 2014. Judge Hornak also scheduled a second pre-mediation telephone planning conference for January 7, 2014. (ECF No. 46).

In the Order for Mediation, Judge Hornak expressly directed, in pertinent part, that:

> The mediation shall be attended by an authorized representative of each party, together with lead trial counsel for each party. An insured party need not attend unless the settlement decision will be made in part by the insured. When the settlement decision will be made in whole or part by an insurer, the insurer shall send a representative in person with full and complete unilateral authority to make settlement decisions. A corporate party shall send a representative with full and complete unilateral authority to bind the company. A governmental entity shall send a representative authorized to act on its behalf. Failure to produce the appropriate persons at the mediation may result in an award of costs and attorney fees incurred by the other parties in connection with the mediation and/or other sanctions against the noncomplying party and/or counsel.

(*Id.* at ¶ 2). Judge Hornak also directed that each party was to submit a confidential mediation statement to him prior to the settlement conference.

> The mediation statement shall contain a recitation of the pertinent facts, a discussion of the strengths and weaknesses of the case, the parties' position on settlement, including its present settlement proposal, and a report on settlement efforts to date. Legal arguments need not be included unless they are critical to the evaluation or settlement of the case and, if included, should be limited to basic legal arguments. The statement should not be more than 6 pages. Copies of any agreements, business records, photographs or other documents or exhibits may be attached to the mediation statement if important to the negotiations. The parties are to be candid in their statements, but are not required to disclose their final settlement authority.

(*Id.* at ¶ 4). Judge Hornak further ordered that:

> At least 15 days in advance of the mediation, plaintiffs' counsel shall submit a settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than 3 days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief

explanation of why such a settlement is appropriate. These steps will enable the mediation to progress more expeditiously.

(*Id*. at ¶ 6).

On December 30, 2013, counsel for Plaintiffs sent a demand letter to counsel for Defendant in accordance with Judge Hornak's Order for Mediation. (ECF No. 52, ¶ 8).

The second pre-mediation planning telephone conference was conducted by Judge Hornak with all counsel on January 8, 2014. (ECF No. 48).

Defendant did not submit a written settlement offer in response to Plaintiffs' demand letter three (3) days prior to the mediation as required by the Order of Mediation. (ECF No. 64) It is undisputed that no written settlement offer was ever submitted by Defendant prior to the mediation. Defendant asserts that Judge Hornak excused it from this requirement due to weather issues during the pre-mediation planning telephone conference on January 8, 2014. (ECF No. 65). Counsel for Plaintiffs deny any recollection of such a ruling and contend that Defendant had sufficient time to respond to their settlement demand prior to the mediation. (ECF No. 66).

On January 14, 2014, Judge Hornak conducted the settlement conference/mediation. The minute entry for the proceedings reflects that it began at 9:39 a.m. and ended at 2:10 p.m. (ECF No. 49). The Report of Settlement Conference/Mediation states that "the action has not resolved." (Minute Entry – 1/14/14).

## III. PLAINTIFFS' MOTION FOR SANCTIONS

Following the mediation, Plaintiffs filed a Motion for Sanctions. (ECF No. 52). Plaintiffs allege that Safety-Kleen failed to attend the mediation with a good faith interest in settlement discussions and potential resolution. Plaintiffs specifically allege the following:

- At no time did Counsel for Defendant inform Counsel for Plaintiff or Judge Hornak that they were unprepared to proceed with the settlement negotiations or request additional documentation related to Plaintiff's

demand. Moreover, at no time during this telephone conference did counsel for the defendant state or even suggest that they had no interest in discussing potential resolution of this litigation at the upcoming conference. (*Id*. at ¶ 9);

- At a private session with counsel, Judge Hornak told the undersigned counsel that Counsel for Defendant had a standard "process" of not discussing potential settlement until the completion of discovery and dispositive motions and was "not in a position to respond" to Plaintiffs' demand or negotiate potential settlement. (*Id*. at ¶ 10);

- Counsel for Defendant was completely unprepared to participate in the settlement negotiations. Defendant had multiple opportunities to request a continuance of the mediation or request for more information relating to the demand, if indeed they genuinely felt that was necessary. (*Id*. at ¶ 11);

- Defendant deliberately disregarded several opportunities to communicate with Plaintiffs' Counsel and Judge Hornak to inform them that they were unwilling or even unprepared to participate in settlement negotiations; instead, Defendant came to mediation under the false pretense of acting in "good faith." (*Id*. at ¶ 12).

- Plaintiff Mariana Grigoryants traveled to Pittsburgh, Pennsylvania as required to attend mediation and negotiate in good faith by and through her Counsel, which caused her to miss work and leave her terminally ill husband. (*Id*. at ¶ 13).

Based on these actions by Safety-Kleen, Plantiffs seek to recover the attorneys' fees, costs and travel related expenses that they incurred to prepare for and attend the mediation before Judge Hornak.

Safety-Kleen opposes the Motion for Sanctions on the ground that it did not act in bad faith. (ECF No. 58). In support of its opposition, Safety-Kleen points out that it was represented at the mediation by a party representative, insurer representative, national counsel and local counsel. (*Id*. at ¶ 7). Safety-Kleen also asserts argues that since Plaintiffs made their initial disclosures on December 8, 2011, it has not been provided information regarding Plaintiffs' computation of damages. (*Id*.)

Safety-Kleen also argues the federal mediation privilege and Federal Rule of Evidence 408 preclude any discussion and/or disclosure of any communications relative to the settlement conference with Judge Hornak. This argument misapplies the privilege and Rule 408 to the matter at issue. Defendant totally disregards the ADR Policies and Procedures of this Court, in particular Section 2.4, which expressly provides for the adjudication of motions alleging bad faith.

## IV.    HEARING ON PLAINTIFFS' MOTION FOR SANCTIONS

The pending Motion for Sanctions was internally referred to the undersigned, as a member of the Case Management and ADR Committee, for adjudication in accordance with Section 2.4 of the ADR Policies and Procedures of the United States District Court for the Western District of Pennsylvania. (ECF No. 56). Following the referral, this Court scheduled the hearing on the Motion for Sanctions for March 26, 2014. (ECF No. 57).

The Hearing on the Motion for Sanctions was conducted on March 26, 2014, by telephone, in light of the location of counsel for Plaintiffs in Philadelphia and lead defense counsel in Dallas, Texas. At the outset of the hearing, this Court reviewed the chronology of relevant events as reflected on the docket as well as the applicable provisions of the ADR Policies and Procedures of this Court, including Sections 2.4 and 2.7. Each party was given a full and fair opportunity to present evidence and make argument in support of their respective positions. Both sides informed the Court that they did not intend to present evidence, but instead made arguments and relied on their filings relative to the pending Motion for Sanctions.

In support of the Motion for Sanctions, Plaintiffs argued that at no time in multiple interactions with Judge Hornak and counsel for Plaintiffs prior to the mediation did Defendant's counsel ever inform Judge Hornak or Plaintiff's counsel:  that Safety-Kleen was unprepared to

proceed with settlement negotiations; that it had a standard practice of not discussing settlement until after the completion of discovery; and that it had no interest in resolving the case at the upcoming mediation. Plaintiffs also argued that, as directed by Judge Hornak, they sent a detailed pre-mediation demand letter to counsel for Defendant. At no point, following receipt of the letter, did Defendant ever request any additional information or supporting documentation relative to the demand.

Counsel for Plaintiffs also informed the Court that Mrs. Grigoryants, who is raising a six year old son and caring for her terminally ill husband, had to make arrangements for their care, miss work and travel to Pittsburgh to participate in the mediation. As a result, Plaintiffs incurred attorney fees, costs and travel-related expenses to attend the mediation.

Counsel for Defendant did not dispute the events leading up to the mediation. Defense counsel also conceded that it is the "normal policy" of Safety-Kleen to wait until after the close of discovery to make any settlement offer. Defense counsel argued that he did attend this mediation conference with some authority, however, he never made any settlement offer. Defense counsel claimed that his client needed more information as to Plaintiffs' damages in order to make a settlement offer.

In response to questions from this Court, defense counsel stated that he had knowledge that husband-plaintiff "was a very sick man" and conceded that following receipt of Plaintiffs' pre-mediation demand letter, he never asked Plaintiffs to produce any additional records or documentation in support of Plaintiffs' demand.

## V.    DISCUSSION

Federal Rule of Civil Procedure 16 governs the pretrial management of cases by the federal courts.  Rule 16 also provides for sanctions when counsel, a party or both, fail to abide by orders of the Court.  The United States Court of Appeals for the Third Circuit has explained:

> *Rule 16* governs the scheduling and management of pretrial conferences.  The purpose of the rule is to provide for judicial control over a case at an early stage in the proceedings.  The preparation and presentation of cases is thus streamlined, making the trial process more efficient, less costly, as well as improving and facilitating the opportunities for settlement.  Accordingly, *Rule 16(a)* provides that the court may, in its discretion, direct the attorneys for parties to appear before it for pre-trial conferences "for such purposes as . . . facilitating the settlement of the case."  If a party fails to obey a scheduling or pretrial order, or fails to participate in good faith in a scheduling or pretrial conference, a judge "may make such orders with regard thereto as are just" and require the offending party "to pay reasonable expenses incurred because of noncompliance with this rule . . . unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."  *Fed. R. Civ. P. 16(f).*  Thus, Rule 16 authorizes courts to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith.

> • • •

> The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases

*Newton v. A.C. & S*, 918 F. 2d 1121, 1126 (3d Cir. 1990).

Rule 16(f) provides that upon a motion, or on its own, a court may issue sanctions if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or

(C) fails to obey a scheduling or other pretrial order.

*Fed. R. Civ. P. 16(f); see also Tracinda Corp. v. Daimlerchrysler, AG*, 502 F. 3d 212, 242 (3d Cir. 2007) (observing that whereas sanctions imposed pursuant to court's inherent authority generally require finding of bad faith*, Rule 16(f)* contains no such requirement).

Relying on this Rule, courts have imposed sanctions based upon an attorney's failure to attend a settlement conference or abide by the order scheduling the conference. *See Univ. of Pittsburgh v. Varian Med. Sys. Inc.*, No. 07-491, 2008 U.S. Dist. LEXIS 32077 (W.D. Pa. Apr. 17, 2008) (denying motion for reconsideration of sanctions imposed for failure to participate in settlement conference in good faith); *Karahuta v. Boardwalk Regency Corp.*, No. 06-4902, 2007 U.S. Dist. LEXIS 72510  (E.D. Pa. Sept. 27, 2007) (sanctions imposed for failing to participate in settlement conference in good faith); *Miller v. Unum Life Ins. Co. of America*, No. 05-177, 2006 U.S. Dist. LEXIS 76079 (E.D. Pa. Oct. 19, 2006) (sanctions imposed for failure to attend court ordered settlement conference); *Grant v. Omni Health Care Systems of NJ, Inc.*, No. 08-306, 2009 U.S. Dist. LEXIS 87994 (D.N.J. Sept. 24, 2009) (sanctions imposed for failure to timely and properly file settlement memorandum).

The decision issued by United States Magistrate Judge Henry S. Perkin in *Karahuta* is instructive in this matter.  In that case, the court issued a settlement conference scheduling order. As in this case, the court directed that all persons whose consent may be necessary to settle appear in person and that persons present "must have full authority to settle."  The order also clearly stated failure to comply with this order may result in the imposition of sanctions. *Karahuta*, 2007 U.S. Dist. LEXIS 72510, at *2.

Although, in *Karahuta*, one of the issues of non-compliance with the court's scheduling orders related to the failure to bring the appropriate decision maker with full authority to the settlement conferences, the sanctionable conduct, as in the matter presently before this Court,

arose from the failure of defendants to notify the court in advance of the high unlikelihood of a

settlement prior to the settlement conference.  The court held:

> If a settlement is possible, it is imperative that both plaintiff and defendant arrive
> at a settlement conference with an open mind and a genuine willingness to
> meaningfully discuss the strengths and weaknesses of each party's case.
> Defendant did not do this and attended the settlement conference in bad faith.
> Defendant brought a corporate representative to the conference with limited or
> capped settlement authority who was likely unable to make an objective
> evaluation of the disputed issues and the true value of the case.
>
> . . .
>
> Defendant did not notify the Court beforehand that a settlement conference at this
> time would be a futile act, thereby wasting the limited time, financial resources
> and energies of the Court and Plaintiff [at the settlement conference].

*Karahuta*, 2007 U.S. Dist. LEXIS 72510, at *4-5 (*citing Pitman v. Brinker Int'l, Inc.*,

2003 U.S. Dist. LEXIS 11650, at *15, 19-20, (D. Ariz. Sept. 30, 2003)).

In *Karahuta,* the court sanctioned defendants and their counsel for failing to inform the

court prior to a second settlement conference that they did not possess any additional settlement

authority.  Defense counsel was ordered to pay plaintiff a sanction of $500.00 and defendants

were ordered to pay plaintiff a sanction of $3122.50 as reimbursement of counsel fees and

expenses incurred relative to preparing for attending the second settlement conference.  *Id*. at *6.

Recently, United States Magistrate Judge Robert C. Mitchell of this Court sanctioned a

party for failure to participate in good faith in a settlement conference.  In *Arneault v. O'Toole*,

No. 11-95, 2014 U.S. Dist. LEXIS 36505 (W.D. Pa. Mar. 20, 2014), a special master had

recommended that defendants' motion for attorneys' fees be granted following dismissal of all of

plaintiffs' federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim.  However, the special master did not address the amount of attorneys' fees owed to

defendants.  The recommendation granting the motion for attorneys' fees was adopted by the

Court and the case was referred to Judge Mitchell for a settlement conference to resolve the amount of attorneys' fees to be paid by plaintiffs to defendants. Judge Mitchell issued a scheduling order directing that all parties, including insurance adjusters, must be present at the conference and have "FULL SETTLEMENT AUTHORITY." He also required the submission of confidential settlement position statements to the Court in advance of the conference. *Arneault v. O'Toole*, Civil Action No. 1:11-cv-0095, ECF No. 150.

The settlement conference was conducted on March 20, 2014. Soon after it commenced, counsel for plaintiffs refused to present any offer to pay the attorneys' fees, despite the fact that plaintiffs had already be found liable for payment of the attorneys' fees. *Id*., ECF No. 164 at *3. The Court specifically inquired as to whether plaintiffs were willing to present an offer as to any of the remaining defendants. Plaintiffs unequivocally refused.

Judge Mitchell, citing to Local Rule 6.2 relating to Alternative Dispute Resolution, astutely recognized that settlement conferences with the Court "should be conducted with economy, fairness and good faith." *Id*. at *4. He specifically found that plaintiffs:

> participation in the settlement conference was unreasonably imprudent, entirely in bad faith, squandered scarce judicial resources necessary to prepare for the settlement conference, was an economic waste of behalf of all of the Defendants involved who participated in good faith, and was contrary to the essential purpose of the settlement conference. The court is under a duty to assure that any referral to alternative dispute resolution does not create an unfair or unreasonable economic burden on any party. Plaintiffs' bad faith participation in the settlement conference scoffs at this purpose and created unfair and unreasonable economic burdens on Defendants for their good faith participation in the settlement conference. As such, I find that this abhorrent abuse of judicial process warrants the imposition of sanctions on Plaintiff[s] for all of Defendants' costs and attorneys' fees in preparing for and attending the settlement conference held March 20, 2014 before the undersigned.

*Id.*

Applying the provisions of Federal Rule of Civil Procedure 16, and the decisions cited herein applying Rule 16 in cases where a party has failed to notify a court prior to a settlement conference that a conference would be futile, to the evidence and argument presented in this case, I find that Plaintiffs' Motion for Sanctions should be granted.

First, Defendant had multiple opportunities prior to the settlement conference to inform Judge Hornak and Plaintiffs' counsel that it was Defendant's "normal policy" to wait until after the close of discovery to make any settlement offer. Specifically, Defendant could have disclosed this litigation policy to the Court and Plaintiffs during the initial pre-mediation conference call on October 28, 2013, but Defendant did not. Similarly, Defendant could have disclosed this policy to the Court and Plaintiffs during the final pre-mediation conference call on January 8, 2014, but Defendant did not. In fact, at no time between the referral of the case to mediation before Judge Hornak on October 8, 2013, until the mediation on January 14, 2014, did Defendant ever disclose, or even suggest, that it would not respond to a settlement demand by Plaintiffs until after the close of discovery.

Second, Defendant contends that because it was represented at the settlement conference by a party representative, insurer representative, national counsel and local counsel that it "attended" in good faith. This argument is without merit. Merely sending a representative to a settlement conference does not establish that a party has fulfilled its obligation to participate in good faith.

Third, Defendant also contends that because Plaintiffs made their initial disclosures in December, 2011 and had not supplemented their disclosures that Defendant was without sufficient information relative to Plaintiffs' claims for damages. This argument is also without merit. Defense counsel admitted, in response to questions from this Court during the sanctions

12

hearing, that following receipt of Plaintiffs' pre-mediation demand letter, defense counsel <u>never</u> asked Plaintiffs to produce any additional records or documentation in support of their demand.[1] Furthermore, during the sanctions hearing, Plaintiffs' counsel pointed out that Judge Hornak asked counsel for the parties during both of the pre-mediation conference calls if there was anything else they needed for the mediation and defense counsel never asked for any additional information relative to Plaintiffs' claimed damages. In addition, the docket entries in this case reflect that following the extensive initial disclosures by Plaintiffs, *supra* p. 2, the parties engaged in discovery throughout 2012 and the first half of 2013 relative to the terminal conditions of myelofibrosis and myelodysplastic syndrome suffered by Plaintiff Ruben Grigoryants, age 43. This discovery included interrogatories, requests for production of documents, third party document requests and the production of medical records. (ECF Nos. 13, 14, 18, 21). Therefore, for Defendant to argue that they lacked information as to Plaintiffs' damages is contrary to the record and without merit.

Fourth, counsel for Defendant argued for the first time during the sanctions hearing that despite his client's "normal policy" of not making an offer until after the close of discovery, that he did attend the conference with "some authority," however, he never made any settlement offer. The Court notes that this argument was not raised in Defendant's response to the pending Motion for Sanctions. (ECF No. 58). To the extent that this last minute argument is even credible, it further evidences the failure of Defendant to participate in good faith in that Defendant's representative(s) allegedly possessed "some authority" but never communicated any settlement offer whatsoever.

---

[1]If Defendant genuinely believed that additional information was needed to evaluate the damages claimed, it could have requested a continuation of the mediation for a reasonable time. Defendant did not make any request for a continuance of the mediation.

In sum, the record before this Court reveals that Safety-Kleen did not participate in the mediation process in good faith.[2] It had an obligation to be forthright and notify the Court and Plaintiffs that it had a "standard policy" to wait until after the close of discovery to make any offer of settlement. The failure of Safety-Kleen to notify the Court that a mediation would be a futile act wasted precious judicial resources and it caused Mrs. Grigoryants to miss work, leave her ailing husband and child and travel to Pittsburgh – incurring substantial expenses and attorneys' fees.

## VI. CONCLUSION

For the reasons set forth herein, I find that Defendant Safety-Kleen failed to participate in the settlement conference in good faith. The Motion for Sanctions is granted. The conduct of Defendant warrants the imposition of sanctions against Defendant for all of the attorneys' fees, costs and travel related expenses incurred by Plaintiffs and their counsel relative to preparation for attendance of the settlement conference before Judge Hornak on January 14, 2014. An appropriate order follows.


/s/ Maureen P. Kelly
MAUREEN P. KELLY
United States Magistrate Judge

---

[2] To be clear, sanctions are imposed solely based on Defendant's refusal to participate in good faith, not based on Defendant's refusal to settle.