IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**RUBEN GRIGORYANTS and MARIANA GRIGORYANTS, h/w,**

      **Plaintiffs,**

v.

**SAFETY-KLEEN CORPORATION,**

      **Defendant.**

Docket No. 1:11-cv-00267-SJM

**PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S 5/28/2014 ORDER GRANTING PLANTIFFS' MOTION FOR SANCTIONS**

Plaintiffs, by and through their undersigned counsel, respectfully submit Plaintiffs' Brief in Support of Response to Defendant's Objections to the Magistrate Judge's 5/28/14 Order granting Plaintiffs' Motion for Sanctions, and in support thereof, aver as follows:

**STATEMENT OF ISSUES PRESENTED**

Whether the Court should overrule Defendant's objections to Magistrate Judge Kelly's Order awarding sanctions to Plaintiffs against Safety-Kleen relating to the January 14, 2014 settlement conference, where the Order is clearly consistent with the law because,

    i)    Defendant was unprepared at the settlement conference to have meaningful settlement discussions;

    ii)    Safety-Kleen did not comply with the Mediation Order simply by sending the appropriate representatives to the settlement conference with authority;

    iii)    Safety-Kleen's claimed" lack of information" regarding Plaintiffs' damages does not negate the finding that Safety-Kleen failed to participate in the settlement conference in good faith; and

    iv)    Safety-Kleen's decision not to make a settlement offer is further evidence of its failure to participate in the settlement conference in good faith

## **MATTER BEFORE THE COURT**

This strict liability and negligence matter arose out of the exposure of Plaintiff, Ruben Grigoryants, 43 years old, to a highly toxic and carcinogenic chemical solvent manufactured by Defendant, Safety-Kleen, which resulted in the development of an incurable and terminal condition known as myelodysplastic syndrome. Defendant knowingly misrepresented that the product was safe and failed to provide adequate warnings to Mr. Grigoryants and his employer regarding the dangers associated with its use. As a result of Mr. Grigoryants' exposure to Safety-Kleen, he suffers from a devastating and fatal illness. The Complaint in this matter was filed on October 4, 2011 and subsequently removed to the United States District Court for the Western District of Pennsylvania.

On or about October 28, 2013, a teleconference was held before the Honorable Mark R. Hornack, wherein mediation was discussed and agreed upon by all counsel pending available dates. On or about November 13, 2013, Counsel for Defendant confirmed that he would participate in mediation on January 14, 2014. On or about November 25, 2013, mediation was scheduled by Order by the Honorable Mark R. Hornack for January 14, 2014. On or about December 20, 2013, Judge Hornack issued an Order for Mediation. A copy of this Order is attached hereto as Exhibit "A". On or about December 30, 2013, Counsel for Plaintiffs sent a demand letter to Counsel for Defendant consistent with Judge Hornack's Order to settle this matter.

On or about January 7, 2014, a pre-mediation planning teleconference was held before Judge Hornack wherein Counsel for Defendant confirmed he had received Plaintiff's demand. At no time did Counsel for Defendant inform Counsel for Plaintiff or Judge Hornack that they were unprepared to proceed with the settlement negotiations or request additional documentation

related to Plaintiff's demand. Moreover, at no time during this telephone conference did counsel for the defendant state or even suggest that they had no interest in discussing potential resolution of this litigation at the upcoming conference.

Mediation was held before the Honorable Judge Hornack on January 14, 2014 wherein Defendant failed to attend the Court ordered mediation with a good faith interest in settlement discussions and potential resolution. Indeed, at a private session with counsel, Judge Hornack told the undersigned counsel that Counsel for Defendant had a standard "process" of not discussing potential settlement until the completion of discovery and dispositive motions and was "not in a position to respond" to Plaintiffs' demand or negotiate settlement. Counsel for Defendant was completely unprepared to participate in the settlement negotiations. Defendant had multiple opportunities to request a continuance of the mediation or request more information relating to the demand, if indeed they genuinely felt that was necessary.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a), "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91-92 (3d Cir.1992). "A magistrate judge's decision is only clearly erroneous 'when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed.' [citations omitted] A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law [citation omitted]." *McMunn v. Babcock & Wilcox Power Generation Group, Inc.*, 2014 WL 814878, *1, *2 (W.D. Pa. 2014). A number of courts have said that a ruling can be shown to be clearly erroneous only when it can be concluded that the challenged decision is not "just maybe

or probably wrong; it must strike us with the force of a five-week-old, unrefrigerated dead fish."

*See TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Educ. Credit Mgmt. Corp. v. Jesperson*, 571 F.3d 775, 789 (8th Cir. 2009); *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

## ARGUMENT

### I. Safety-Kleen Failed to Comply with The Court's Mediation Order and Did Not Participate in The Settlement Conference in Good Faith

In the instant case, Counsel for Defendant did not participate in good faith in the settlement conference to negotiate on behalf of Safety-Kleen. Counsel for Defendant was informed of mediation in November of 2013 and had multiple opportunities to inform the Court and Counsel for Plaintiffs that it was completely unprepared to conduct such negotiations. Moreover, Counsel for Defendant had knowledge it was unprepared at the time of the pre-mediation phone conference, yet deliberately failed to inform Judge Hornak and Counsel for Plaintiffs. As a result of Counsel for Defendant's conduct, Counsel for Plaintiffs incurred preparation and travel expenses.

  a. *Defendant was unprepared at the settlement conference to have meaningful settlement discussions*

Defendant had multiple opportunities prior to the settlement conference to inform Judge Hornak and Plaintiffs' counsel that it was Defendant's "normal policy" to wait until after the close of discovery to make any settlement offer. Defendant could have disclosed this policy on October 28, 2013 during the initial pre-mediation conference call or on January 8, 2013 during the final pre-mediation conference call.

Defendant's assertion that its "standard" practice is irrelevant is without merit. It is very relevant to whether Defendant was prepared at the settlement conference to have meaningful

settlement discussions. The fact this policy was not disclosed despite several opportunities to do so demonstrates that Defendant did not participate in good faith settlement negotiations on January 14, 2014.

      b.    ***Safety-Kleen did not comply with the Mediation Order simply by sending the appropriate representatives to the settlement conference with authority***

The claim that Defendant sent a party representative, insurer representative, national counsel and local counsel does not demonstrate that it attended the settlement conference on January 14, 2014 in good faith. Defendant's argument that "sending its key decision-makers, empowered with settlement authority" also is not demonstrative of the finding that Defendant participated in the mediation process in good faith. The fact that Defendant's "normal policy" is to wait until the close of discovery to make any settlement offer clearly weighs in favor of finding that Safety-Kleen did not participate in the mediation process in good faith.

      c.    ***Safety-Kleen's claimed" lack of information" regarding Plaintiffs' damages does not negate the finding that Safety-Kleen failed to participate in the settlement conference in good faith***

Defendant argues that it was without sufficient information to access Plaintiffs' claim for damages simply because Plaintiffs made their initial disclosures in December 2011 and had not supplemented these disclosures. However, counsel for Defendant admits that he never requested Plaintiffs to produce any additional documentation in support of their demand. Defendant also did not request this information on the pre-mediation conference call. Defendant clearly did not need this information to participate in the settlement conference in good faith because it had multiple opportunities to request this information and failed to do so and also failed to make any request for a continuance of the mediation. Furthermore, Defendant has prior knowledge of the significant damages Plaintiffs seek as they have been involved in similar litigation for similar damages relating to their product numerous times. Defendant even admitted it had knowledge of

Mr. Grigoryants' critical condition as defense counsel asserted he knew that Mr. Grigoryants "was a very sick man."  The fact that Ruben Grigoryants has incurred substantial medical expenses and undergoes dialysis every three days is entirely consistent with a patient with myelofibrosis and myelodysplastic syndrome and the argument that this was "new information" is entirely without merit.

      d.    *Safety-Kleen's decision not to make a settlement offer is further evidence of its failure to participate in the settlement conference in good faith*

Defendant's argument that its decision not to make a settlement offer does not support a finding that that Safety-Kleen did not act in good faith.  Although Defendant's contention that refusing to settle a case is not required by law, the failure to make a settlement offer, despite having its appropriate representatives with settlement authority, is merely further evidence of its failure to participate in the settlement conference in good faith.

**II.    Courts Have Imposed Sanctions Based Upon An Attorney's Failure to Attend A Settlement Conference Or Abide By The Order Scheduling The Conference**

Courts interpreting the requirement of good faith participation in settlement conference, pursuant to Fed. Rule of Civ. Proc. 16(f) have imposed sanctions for the failure to participate in settlement conference in good faith.  *See Fed. R. Civ. P. 16(f)*; see also *Univ. of Pittsburgh v. Varian Med. Sys. Inc.*, No. 07-491, 2008 U.S. Dist. LEXIS 32077 (W.D. Pa. Apr. 17, 2008); *Karahuta v. Boardwalk Regency Corp.*, No. 06-4902, 2007 U.S. Dist. LEXIS 72510 (E.D. Pa. Sept. 27, 2007); *Miller v. Unum Life Ins. Co. of America*, No. 05-177, 2006 U.S. Dist. LEXIS 76079 (E.D. Pa. Oct. 19, 2006); *Grant v. Omni Health Care Systems of NJ, Inc.*, No. 08-306, 2009 U.S. Dist. LEXIS 87994 (D.N.J. Sept. 24, 2009).

Defendants argue that the cases relied upon the Court are distinguishable from the facts of this case.  However, these cases stand for the propositions that a party has failed to participate

in settlement negotiations in good faith and sanctions may be awarded where a party has failed to both notify the Court and Plaintiffs' counsel prior to a settlement conference that a conference would not be productive.

Here, Defendant deliberately disregarded several opportunities to communicate with Plaintiffs' Counsel and Judge Hornak to inform them that they were unwilling or even unprepared to participate in settlement negotiations; instead, Defendant came to mediation under the false pretense of acting in "good faith". Plaintiff Mariana Grigoryants traveled to Pittsburgh, Pennsylvania as required to attend mediation and negotiate in good faith by and through her Counsel, which caused her to miss work and leave her terminally ill husband. As a result of the above actions on part of the Defendant, Plaintiff incurred attorney's fees, costs and travel-related expenses in order to prepare and attend mediation held on January 14, 2014.

There is no evidence that Magistrate Judge Kelly's decision was clearly erroneous; in fact, it is entirely consistent with Federal Rule of Civil Procedure 16 and the decisions applying the rule.

## **CONCLUSION**

Accordingly, Plaintiffs respectfully request that the Court overrule Defendant's objections to the Magistrate Judge's Order and affirm the Order awarding sanctions to Plaintiffs against Safety-Kleen relating to the January 14, 2014 settlement conference.

        Respectfully submitted,

        **KLINE & SPECTER, P.C.**

BY:    */s/ Andrew J. Stern, Esquire*
        Andrew J. Stern, Esquire
        Elizabeth A. Crawford Esquire
        1525 Locust Street, 19th Floor
        Philadelphia PA 19102
        (215) 772-1000
        (215) 735-0958 (fax)
        Andy.Stern@klinespecter.com
        Elizabeth.Crawford@klinespecter.com
        *Attorneys for Plaintiffs*

Dated: June 30, 2014